IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY JANE VESEY,<br><br>Plaintiff,<br><br>v.<br><br>DELL SYSTEMS, INC.<br><br>Defendant. | CIVIL ACTION<br>NO. 15-1487 |

**OPINION**

**Slomsky, J.** **December 29, 2015**

## I. INTRODUCTION

Before the Court is Defendant Dell Systems, Inc.'s ("Dell") Motion to Transfer Venue of this case to the United States District Court for the Northern District of Texas. (Doc. No. 4) The case arises out of Defendant's termination of Plaintiff Mary Jane Vesey as an employee.[1] Plaintiff alleges employment discrimination on the basis of both gender and age, in violation of 42 U.S.C. § 2000(e) ("Title VII") and 29 U.S.C. § 621 et seq. ("ADEA"), respectively. Plaintiff also alleges claims in violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"), and breach of contract.

On May 22, 2015, Defendant filed a Motion to Transfer Venue to the United States District Court for the Northern District of Texas pursuant to a forum selection clause contained in

[1] Defendant notes that Plaintiff has sued Dell Systems, Inc., an entity that does not exist. (Doc. No. 4-1 at 5.) Plaintiff's actual employer at all times relevant to the Complaint was Dell Marketing, L.P., a wholly-owned subsidiary of Dell Inc. Id. Plaintiff has not argued to the contrary. The Court therefore will order that Dell Marketing, L.P. be substituted as the Defendant in this case. Throughout this Opinion, Dell Marketing, L.P. will be referred to as "Dell."

Plaintiff's Associate Employment Agreement ("the Agreement"). (Doc. No. 4-1.) On June 8, 2015, Plaintiff filed an Answer to Defendant's Motion to Transfer Venue, maintaining that the Eastern District of Pennsylvania is the proper venue. (Doc. No. 7-1.) For reasons that follow, this Court will grant Defendant's Motion to Transfer Venue.

## II. BACKGROUND

On October 1, 2008, Plaintiff began working for Perot Systems, Inc. ("Perot") pursuant to the Agreement. (Doc. No. 7-3 at 3.) The Agreement contained the following terms:

> **8. Employment.** I understand that my employment is "at will" and that either I or Company can terminate my employment, with or without cause, without notice at any time, unless otherwise prohibited by law. I understand that Company may transfer my employment among its affiliates and I hereby consent to the assignment of this agreement by Company to an affiliate in connection with any such transfer(s). I agree that this Agreement will continue to apply to me if I am transferred to an affiliate of Company.
>
> . . .
>
> **12. Governing Law and Venue.** This Agreement shall be governed by the laws of the state of Texas without giving effect to any rules of conflicts of law. I agree that any legal action relating to claims, including any statutory claims, arising out of or relating to my employment shall be brought only in a court of competent jurisdiction in Dallas, Texas, or in the United States District Court for the Northern District of Texas. To the fullest extent permitted by applicable law, the parties hereto submit to the personal jurisdiction of such courts and waive any objection which they may now or hereafter have to the laying of venue in such courts. Neither party will be liable to the other for punitive damages for any such claims and I hereby waive any claims against Company for such damages. To the fullest extent permitted by law, the parties hereto waive any right to a jury trial and agree that any issues between them may be decided by a judge without a jury.

(Id. at 4.)

On September 21, 2009, Defendant acquired Perot through a stock purchase, making Perot a wholly-owned subsidiary of Defendant. (Doc. No. 4-1 at 6.) Thereafter, Plaintiff continued her employment by working for Dell Marketing, L.P. out of her home office in

Philadelphia, Pennsylvania. (Id.) Eventually, Plaintiff's position at Dell was eliminated, and her employment was terminated on September 19, 2012. (Id.)

On March 24, 2015, Plaintiff filed the Complaint against Defendant. (Doc. No. 1.) On May 22, 2015, Defendant filed a Motion to Transfer Venue to the Northern District of Texas in accordance with Paragraphs 8 and 12 of the Agreement. (Doc. No. 4-1.) On June 8, 2015, Plaintiff filed a Response in Opposition to Defendant's Motion to Transfer Venue arguing that: (1) Defendant does not have standing to enforce the forum selection clause; (2) the forum selection clause is not valid because it is unreasonable; and (3) that even if the Agreement and forum selection clause are enforceable and valid, the totality of exceptional circumstances weigh in favor of maintaining the action in the Eastern District of Pennsylvania. (Doc. No. 7-1.) On June 15, 2015, Defendant filed a Reply Memorandum of Law, contending that Dell has standing to enforce the forum selection clause, the clause is valid, and no extraordinary circumstances are present that would preclude transfer of this action to the Northern District of Texas. (Doc. No. 8.)

## III. STANDARD OF REVIEW

A district court may transfer an action to any other district "where it might have been brought" so long as the transfer is "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Federal law governs the determination of whether to transfer venue pursuant to § 1404(a), as the issue is procedural rather than substantive. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995).

Ordinarily, in a case not involving a forum-selection clause, a court evaluates a § 1404(a) motion using such factors as the convenience of the parties and the relevant public interests. Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Tex., 134 S. Ct. 568, 581 (2013). "The calculus

changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" Id. (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988)). Because forum selection clauses are "bargained for by the parties," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Id. (internal quotation marks omitted).

Accordingly, the courts conduct a two-part analysis in deciding whether to enforce a forum selection clause. First, a district court must determine whether the forum-selection clause is valid and enforceable. Atl. Marine, 134 S. Ct. at 581. Forum-selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances" and is undermined by "fraud, undue influence, or overweening bargaining power." Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972)).

Second, a court must consider whether, pursuant to § 1404(a), "extraordinary circumstances" would hinder enforcing the forum-selection clause. Atl. Marine, 134 S.Ct. at 581. In considering whether extraordinary circumstances are present to avoid enforcement of a valid forum selection clause, a court may consider "arguments about public-interest factors only," including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." Id. at 581-82 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)).

"The party defying the forum-selection clause . . . bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted," and must prove that public interest factors overwhelmingly disfavor transfer. Id. at 581. Thus, Defendant's Motion to

Transfer can only be defeated if Plaintiff can overcome her burden to show that: (1) the forum selection clause is invalid; or (2) the public-interest factors "overwhelmingly" disfavor transfer. Id. at 581-82.

## IV. ANALYSIS[2]

### A. Dell Has Standing to Enforce the Agreement

Plaintiff argues that this Court first must determine whether Dell has standing to enforce the Agreement containing the forum selection clause. (Doc. No. 7-1 at 4.) Plaintiff argues that Defendant does not have standing to enforce it because the only parties to the Agreement are Plaintiff and Perot. (Id.) Plaintiff further contends that Paragraph 8 of the Agreement, which permits Perot to transfer Plaintiff's employment between its "affiliates" and assign the terms of the Agreement in accordance with the transfer, does not grant Defendant standing to enforce the Agreement because Defendant is not an "affiliate" of Perot. (Id. at 4-5.) Plaintiff reasons that Paragraph 8 does not expressly state that Perot could transfer the Agreement to any party that became affiliated with Perot after the signing of the Agreement, which is how Plaintiff characterizes Defendant. (Id.) Plaintiff further argues that Defendant cannot be considered an "affiliate" because "affiliate" is defined as "an organization (such as a television station) that is a member of a larger organization (such as a national network)." (Id. at 6 (quoting Merriam-Webster Dictionary.com Merriam-Webster, n.d., Web. 8 June 2015).)

Finally, Plaintiff argues that Dell cannot enforce the forum selection clause contained in the Agreement because it is a restrictive covenant, and under Pennsylvania state law, a restrictive covenant is not assignable absent an express provision allowing it. (Id. at 7-8 (citing All-Pak, Inc. v. Johnston, 694 A.2d 347 (Pa. Super 1997).) Accordingly, Plaintiff contends that Perot was

[2] Dell has consented to the application of Pennsylvania law to avoid a dispute over the validity of the Agreement's choice-of-law provision requiring Texas law. (Doc. No. 8 at 4 n.2.)

prevented from assigning Defendant the right to enforce the Agreement to Dell. (Doc. No. 7-1 at 7.)

Defendant responds by arguing that: (1) Dell has standing to enforce the Agreement and forum selection clause because it acquired Perot through a stock purchase and, under Pennsylvania law, employment agreements need not be assigned to the stock purchaser to be enforceable; and (2) in the alternative, Dell did assume the right to enforce the Agreement because Dell is an affiliate of Perot. (Doc. No. 8 at 4-8.) This Court agrees with Defendant for the following reasons.

**a. Employment Agreements Remain Enforceable After a Stock Purchase**

Under Pennsylvania law, a stock sale, unlike a sale of assets, does not affect the enforceability of an employment agreement. J.C. Ehrlich Co. v. Martin, 979 A.2d 862, 866 (Pa. Super. Ct. 2009). Consequently, employment agreements remain enforceable after a stock purchase even without explicit assignment. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 422 (3d Cir. 2010). In Zambelli, a fireworks manufacturing company sought to enforce an employment agreement between it and a former employee, which was entered into prior to a third party's purchase of half of the company's stock. Id. at 418. The court rejected the employee's argument that the "stock sale effected a change of the Zambelli corporate entity that prevent[ed] 'new' Zambelli from enforcing the 2005 Agreement absent an express assignment." Id. The court held that a "a corporation is an entity irrespective of, and entirely distinct from, the persons who own its stock," and thus the transfer of some or all of the stock of a corporation has no effect on its ability to enforce an employment agreement. Id. at 423.

Similar to the case in Zambelli, Dell acquired Perot through a stock purchase. Accordingly, pursuant to precedent in both Pennsylvania and the Third Circuit, no assignment of

the employment agreement was necessary given Dell's acquisition of Perot through the stock purchase. Therefore, Dell has standing to enforce the provisions of the employment agreement, including the forum selection clause.

**b. Defendant Is an "Affiliate" of Perot**

Plaintiff and Dell disagree whether Dell and Perot are "affiliates," each appealing to different lexicons. As noted, Plaintiff asserts that Dell and Perot are not "affiliates" as that word is defined in Webster's Merriam Dictionary, which seems to suggest that an affiliate is subsidiary organization and not the parent. Because Perot is an affiliate of Dell, "not the other way around," by nature of it being Dell's subsidiary, Plaintiff contends that Dell cannot enforce the Agreement. (Doc. No. 7-1 at 6.) To the contrary, Dell relies on the definition of affiliate as defined in Black's Law Dictionary, arguing it is an affiliate because it is Perot's parent corporation and Black's Law Dictionary defines "affiliate" as a "subsidiary, parent, or sibling corporation." (Doc. No. 8 at 7.) Defendant further presses that there are no chronological limitations on the assignment of the Agreement. Defendant's arguments are persuasive.

First, "affiliate" does not, as Plaintiff contends, only refer to a subsidiary. Because Black's Law Dictionary defines "affiliate" as "a subsidiary, parent, or sibling corporation," Black's Law Dictionary (10th ed. 2014), Dell is an affiliate of Perot as the parent corporation. Second, Paragraph 8 does not place a chronological limitation on affiliation. Therefore, Defendant is not barred from enforcing the Agreement merely because it became an affiliate of Perot after the Agreement was signed. Accordingly, Dell has standing to enforce the forum selection provision of the Agreement.

**B. The Forum Selection Clause Is Assignable**

Plaintiff contends that a forum selection clause is not assignable. (Doc. No. 7-1 at 7.) Plaintiff argues that a forum selection clause is a restrictive covenant, and relies on All-Pak, Inc. v. Johnston for the proposition that "strong policy considerations underlie the conclusion that restrictive covenants are not assignable." 694 A.2d 347, 351 (Pa. Super. Ct. 1997). Defendant responds by pointing out that All-Pak was based on the assignment of a non-competition covenant rather than a forum selection clause. (Doc. No. 8 at 6.) Additionally, Defendant argues that "the applicable employment agreement in All-Pak did not contain an assignment clause, whereas the Agreement in this case does contain such clause." (Id.)

Defendant's arguments are availing. As Defendant points out, the United States Supreme Court and Third Circuit both have held that "[f]orum selection clauses are entitled to great weight, and are presumptively valid." (Doc. No. 8 at 6 (quoting Wall St. Aubrey Golf, LLC v. Aubrey, 189 F. App'x 82, 85 (3d Cir. 2006)); see also M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 at 10, 15 (1972) (holding that forum selection clauses are "prima facie valid and should be enforced unless" a challenging party can "clearly show that enforcement would be unreasonable and unjust").) Non-competition clauses, however, are strictly scrutinized in Pennsylvania. See Victaulic Co. v. Tieman, 499 F.3d 227, 235 (3d Cir. 2007) (holding that "[u]nder Pennsylvania law, mandating compliance with a covenant not to compete is disfavored" unless "the covenant is 'incident to an employment relationship between the parties; the restrictions imposed by the covenant are reasonably necessary for the protection of the employer; and the restrictions imposed are reasonably limited in duration and geographic extent.'"). Plaintiff does not cite to any decision in which a court has held that the legal test applied to a non-competition clause also applies to a forum selection clause.

Because the forum selection clause was contained in an Agreement which was assumed by Dell through the stock purchase, it is enforceable by that company. Whether Dell's authority to enforce it was obtained by Dell's assumption of all agreements entered into by Perot through the stock purchase, or it was considered to be an assignment by Perot to Dell, it is still enforceable. The fact that the bargained for forum selection clause is restrictive does not render it unassignable or unassumable by Dell.

**C. The Forum Selection Clause Is Not Unreasonable**

Plaintiff argues that even if Defendant has standing to enforce the forum selection clause, the clause is invalid because it is unreasonable. (Doc. No. 7-1 at 5-6.) Plaintiff contends that the clause is unreasonable due to the overweening bargaining power exerted over her in agreeing to the clause. (Id. at 9.) In response, Defendant submits that claims of overweening bargaining power have routinely been rejected in the employment context. (Doc. No. 8 at 8.) Defendant argues that Plaintiff's suggestion of overweening bargaining power is undermined by the fact that she received substantial consideration in the form of employment and a salary of over $170,000 per year. (Id. at 9); see also Wolfe v. TBG Ltd., No. CIV. A. 13-3315, 2014 WL 325637, at *3 (E.D. Pa. 2014) (holding that overreaching exists where a contract is prepared by a party with excessive bargaining power and then presented to another party on a "take it or leave it" basis, but not simply where unequal bargaining power was present) (quoting Parilla v. IAP Worldwide Servs., VI, Inc., 368 F.3d 269, 276 (3d Cir. 2004); Harris v. Green Tree Financial Corp., 183 F.3d 173, 183 (3d Cir. 1999) (same). Additionally, Defendant notes that Plaintiff was given three days to review the Agreement prior to signing it. (Doc. No. 8 at 9.)

Plaintiff's arguments are unconvincing. In Wolfe, a plaintiff entered into an employment contract containing a forum selection clause requiring that all disputes be litigated in the United

Kingdom. 2014 WL 325637, at *1. The plaintiff brought an action against the defendant in the Eastern District of Pennsylvania alleging, among other claims, breach of contract, wrongful termination, and violation of the Pennsylvania Wage Payment and Collection Law. Id. In Wolfe, the court disagreed with the plaintiff's contention that the forum selection clause was unenforceable because it was a product of undue influence and overwhelming bargaining power. Id. at *3. The court found "it is well-established that the placement of a forum selection clause in a non-negotiated contract does not render it unreasonable." Id. at 4. Furthermore, the court observed that the plaintiff did not allege that the employment was conditioned on acceptance of the forum selection clause, nor were any pressure tactics used to gain acceptance of that term. Id. Therefore, the forum selection clause was not unreasonable, despite the fact that the forum selected was in another country.

The facts in this case are similar to those in Wolfe. There is no presence here of overweening bargaining power present during the formation of the Agreement. Plaintiff has not alleged that Perot conditioned her employment on acceptance of the forum selection clause. Plaintiff also has not pointed to any pressure tactics used by Perot to gain acceptance of this term. Moreover, in this case, Plaintiff was an employee being paid a considerable salary and had three days to review the Agreement. Therefore, the forum selection clause is reasonable, and thus it is valid and enforceable.

**D. Plaintiff Has Not Demonstrated Extraordinary Circumstances Required by Atlantic Marine.**

Plaintiff avers that even if the Agreement is valid, public policy factors identified in Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas weigh in favor of retention of this suit in the Eastern District of Pennsylvania. (Doc. No. 7-1 at 7-8 (citing 134 S. Ct. 568 (2013).) In Atlantic Marine, the Court held:

> When parties agree to a forum-selection clause . . . [a] court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum . . . [and therefore] a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.

Atl. Marine, 134 S. Ct. at 582.

Plaintiff acknowledges that under Atlantic Marine, a party opposing a valid forum selection clause has the burden to demonstrate that a proposed transfer is unwarranted. (Doc. No. 7-1 at 9.) Both parties agree that to overcome this burden, private factors, such as Plaintiff's choice of forum, do not warrant a non-transfer. The parties do agree, however, that public interest factors must be considered. See Atl. Marine at 581-82. Under this latter framework, Plaintiff argues that public interest supports the notion that Pennsylvania residents ought to have the right to litigate in the jurisdiction in which they were hired to perform their employment. Additionally, Plaintiff submits that public policy should not favor allowing a "large corporation such as Dell, which assumes inherent bargaining power in its hiring and firing procedures simply by virtue of it's [sic] complete control over hiring decisions to dictate unilaterally where it is to defend any action throughout the United States." (Id.)

In response, Defendant asserts that: (1) Plaintiff fails to meet her burden under Atlantic Marine to demonstrate overwhelming public interest disfavoring transfer in light of a valid forum selection clause; (2) attention should be paid to the fact that courts in this jurisdiction regularly enforce agreements mandating that parties litigate in foreign jurisdiction; and (3) any inconvenience claimed by Plaintiff is a private factor that should not be considered. (Doc. No. 8 at 10.) Defendant submits that the only relevant public interest factor that should weigh in favor of maintaining venue in Pennsylvania is the "local interest" that Pennsylvania has in deciding a case in the jurisdiction in which Plaintiff resides. (Doc. No. 8 at 7.) Defendant argues that

because Plaintiff puts forth no additional public interest factors weighing against transfer, Plaintiff has not met her burden to demonstrate that public interest factors "overwhelmingly disfavor a transfer." (Id. at 10.)

This Court is persuaded by Defendant's argument. Allowing employees to resolve claims in the jurisdiction of their employment is insufficient to overcome the burden placed on a party opposing a forum selection clause. This factor, standing alone, does not "overwhelmingly disfavor" transfer. It is worth repeating that prior to Atlantic Marine, the Third Circuit held that forum selection clauses are presumptively valid and, therefore, entitled to great weight. Wall St. Aubrey Gold, LLC. V. Aubrey, 189 Fed. App'x 82, 85 (3d Cir. 2006). The holding in Atlantic Marine does not change the presumption. It merely sets forth that there are public interest factors to be considered in deciding whether the presumption has been overcome. In sum, Plaintiff has not met her burden to show that extraordinary circumstances are present here to render the forum selection clause unreasonable.

**V. CONCLUSION**

Defendant's Motion to Transfer Venue will be granted. This case will be transferred to the United States District Court for the Northern District of Texas.

An appropriate order follows.